Donald P. MILLS, et al., Plaintiffs,

v.

UNITED STATES of America,
Defendant.

No. C86–3574.

United States District Court,
N.D. Ohio, E.D.

July 29, 1988.

Phillip E. Thomas North Royalton, Ohio, for plaintiffs.

John Siegel, Asst. U.S. Atty., Cleveland, Ohio, Joanne C. Rutkowski, Trial Atty., Tax Div., U.S. Dept. of Justice, Washington, D.C., for defendant.

MEMORANDUM OF OPINION

BATCHELDER, District Judge.

This matter is before the Court upon the trial briefs of the plaintiffs and the defendant, and the deposition of the plaintiff, Donald P. Mills, the parties having agreed that there are no facts in dispute and that the matter could therefore be submitted to the Court on briefs for judgment. Upon review of the plaintiff's trial brief, the defendant's trial brief and attachments thereto, the deposition of plaintiff Donald P. Mills, the complaint and the answer, and the applicable law, the Court finds that the plaintiffs are entitled to deduct business expenses incurred with respect to their motorcycle racing activities as those activities were engaged in for profit pursuant to 26 U.S.C. Section 183. The plaintiffs have established that they entered into and continued the activity in question with an actual profit objective.

I.

Plaintiffs commenced this action against the United States ("Defendant") on August 18, 1986, for the recovery of federal income tax, interest and penalties which the plaintiffs claim were erroneously or illegally assessed or collected from them for the years 1978, 1979 and 1980. For those years, plaintiffs filed joint tax returns in which plaintiff Donald P. Mills reported income from motorcycle racing in the amounts of $0, $179.00 and $40.00, respectively, and attempted to deduct race-related losses of $1,709.00, $8,010.00 and $8,100.00 for the years 1978, 1979 and 1980, respectively. A deficiency was assessed against the plaintiffs which they paid in full. The plaintiffs filed claims for refund which were disallowed, and this suit followed.

During the years in issue Donald Mills maintained full-time employment with the Stouffer Foods Corporation as a machinist supervisor, with a background in designing and building test equipment. Initially, Mills participated in motorcycle racing as a hobby, and competed in local races. In 1978 he registered to race in the "Pro Competition" category of the International Drag Bike Association (IDBA), and de-

signed and built a motorcycle with the objective of competing professionally. In preparation for this activity, the plaintiff opened a separate bank account, secured a business and financial advisor and consulted with experienced motorcycle racers and mechanical engineers.

Participation in the IDBA program entailed compliance with a preliminary inspection and testing requirement, and competing in IDBA sanctioned races throughout the country. Cash prizes were awarded for first place in the "Pro Competition" category. Beyond first place the cash awards were nominal. Additionally, the IDBA awarded points for accomplishments such as qualifying, setting records and best engineered vehicle. While a recipient does not receive a cash prize for points, accumulation of the highest number of points at the season's conclusion entitles the holder to a bonus of Ten Thousand Dollars ($10,-000.00).

Membership in the IDBA does not preclude a racer from competing in races not sanctioned by the IDBA. In the instant case, the plaintiff participated in eleven races in 1979 and twelve races in 1980 which were not sanctioned by the IDBA, as well as numerous sanctioned races and special exhibitions at car and custom shows. Although the plaintiff won no races and received no money for appearances at special exhibitions, it is his contention that such appearances were necessary to promote his racing ability in order to attract and solicit the financial sponsorship of large companies. The plaintiff did acquire two sponsors who supplied him with motorcycle parts in exchange for the display of the sponsor's logo on his motorcycle.

Additionally, the plaintiff devoted his weekends and personal time to designing, refining and constructing his motorcycle. The plaintiff discontinued racing in 1983 when he was laid off from his full-time employment and experienced financial difficulties.

## II.

The issue before this Court is whether the plaintiff's motorcycle racing was an "activity not engaged in for profit" under 26 U.S.C. Section 183. Activity not engaged in for profit is defined in Section 183(c) as "any activity other than one with respect to which deductions are allowable for the taxable year under Section 162 or under paragraph (1) or (2) of Section 212". If the plaintiff's motorcycle racing activity is found not to have been engaged in for profit, expenses arising from the activity are deductible only to the extent they would be allowable without regard to whether the activity was engaged in for profit, pursuant to Section 183(b)(1). However, if it is found that the plaintiff entered into or continued the activity with the objective of making a profit, all of the claimed expenses are fully deductible under Section 162. *Benz v. Commissioner*, 63 T.C. 375, 383 (1974) [1974 WL 2679].

To qualify his motorcycle racing activity as a trade or business so that his expenses are deductible under Section 162, the plaintiff must establish that he entertained an actual and honest profit objective in connection with his activities. *Dreicer v. Commissioner*, 78 T.C. 642 (1982) [1982 WL 11080], aff'd. without published opinion 702 F.2d 1205 [unpublished order dated 2–22–83] (D.C.Cir. 1983). While the plaintiff need not have a reasonable expectation of a profit, the facts and circumstances must indicate he entered into or continued the activity with the objective of making a profit. Section 1.183–2(a), Income Tax Regulations. The determination of whether the requisite profit objective exists is to be made by reference to objective standards, taking into account all the surrounding facts and circumstances of the case. Section 1.183–2(a), Income Tax Regulations.

Section 1.183–2(b) of the Income Tax Regulations provides a list of relevant factors to be considered in determining whether an activity is engaged in for profit, and further provides that no one factor is determinative or controlling. After careful review and consideration of all the facts and circumstances of this case, the Court finds that the plaintiff engaged in motorcycle racing with an actual and honest profit objective.

One factor to be considered is the manner in which the taxpayer conducts the activity. Section 1.183–2(b)(1), Income Tax Regulations. In the instant case, the plaintiff opened a separate bank account and secured a business and financial advisor, indicating the activity was conducted in a business-like manner with a profit motive. The plaintiff had some expertise by virtue of his knowledge of designing and building test equipment, which is another factor contained in Section 1.183–2(b)(2), Income Tax Regulations. Further, the plaintiff consulted with experienced racers and mechanical engineers in preparation for professional motorcycle racing competition.

An additional factor for consideration is the amount of time and effort expended by the taxpayer in carrying on the activity. Section 1.183–2(b)(3), Income Tax Regulations. The plaintiff devoted much of his personal time and effort to conducting the activity. While it is conceded the plaintiff derived personal pleasure and recreation from his motorcycle racing activities, this fact is insufficient to classify the activity as one not engaged in for profit. Section 1.183–2(b)(9), Income Tax Regulations.

The financial status of the taxpayer is yet another factor to be considered. Substantial income from sources other than the activity may indicate the activity is not engaged in for profit, particularly if elements of personal pleasure or recreation are present. Section 1.183–2(b)(8), Income Tax Regulations. While the plaintiff maintained full-time employment during the years in issue, it does not appear from the record that his income as a machinist supervisor brings him within the realm of cases in which a petitioner's substantial wealth was found to be strong evidence of a non-profit motive. See *Bessenyey v. Commissioner*, 45 T.C. 261 (1965) [available on WESTLAW, 1965 WL 1317], affirmed, 379 F.2d 252 (2d Cir.1967), cert. denied, 389 U.S. 931, 88 S.Ct. 293, 19 L.Ed. 2d 283 (1967), and *Dreicer v. Commissioner*, 78 T.C. 642 (1982). In contrast, it appears the plaintiff competed in motorcycle racing with the genuine hope of supplementing his income.

The final elements to be considered are the taxpayer's history of income or losses from the activity and the amount of occasional profits, if any, which are earned. Sections 1.183–2(b)(6) and 1.183–2(b)(7), Income Tax Regulations. The government strongly emphasizes the fact that the plaintiff never sustained a profit from his motorcycle racing activities. While a record of consistent losses over a period of years is evidence of an activity which is not engaged in for profit, such evidence is not conclusive. The final determination must be based upon consideration of all the facts and circumstances of the case. *In Re Bryson*, paragraph 82, 424 P–H Memo T.C., Section 1.183–2(a), Income Tax Regulations. The plaintiff's record of expenditures and losses during the three year period in issue, considered in conjunction with all the facts and circumstances of this case, fails to persuade this Court that the plaintiff's motorcycle racing was not an activity entered into and continued with an actual profit objective. The plaintiff competed in four to five IDBA sanctioned races per year in which potential winnings were Two Thousand Dollars ($2,000.00) to Five Thousand Dollars ($5,000.00) per race. In addition, the plaintiff participated in eleven races in 1979 and twelve races in 1980 which were not sanctioned by the IDBA, with various size purses. The plaintiff accumulated points for accomplishments in an attempt to qualify for a substantial bonus awarded at the conclusion of the season. Further, the plaintiff participated in special exhibitions in an effort to attract the financial sponsorship of large companies, which appears necessary to make engaging in the activity of motorcycle racing profitable. Despite his failure to sustain a profit, the plaintiff has offered sufficient evidence of his efforts to convince this Court that he possessed the requisite actual and honest profit objective in connection with his activities.

It is hereby ORDERED that for the reasons stated herein the plaintiffs are entitled to deduct business expenses incurred with respect to their motorcycle racing activities as those engaged in for profit pursuant to 26 U.S.C. Section 183. According-

ly, judgment is hereby rendered in favor of the plaintiffs on the issue of the character and deductibility of the claimed expenses.

The plaintiff shall submit to the Court forthwith his documentation of the said expenses and the annual amounts thereof.

IT IS SO ORDERED.